IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankr. Case No. 20-32131-WRS |
| DARYL MCLEMORE, Debtor | ) | |
| | ) | |
| SHUNNARAH INJURY LAWYERS, P.C., | ) | |
| | ) | |
| Appellant, | ) | |
| v. | ) | Civil Action No. 2:22CV134-ECM |
| | ) | |
| DARYL MCLEMORE, SABRINA L. | ) | |
| MCKINNEY, Chapter 13 Standing Trustee, | ) | |
| DANIELLE K. GRECO, U.S. | ) | |
| Bankruptcy Administrator, | ) | |
| | ) | |
| Appellees. | ) | |

**MEMORANDUM OPINION**

**I.   INTRODUCTION**

This appeal is from a Memorandum Decision and Order ruling on several motions, entered by the United States Bankruptcy Court for the Middle District of Alabama (the "bankruptcy court") on February 7, 2022, and a Memorandum Decision and Order denying a motion to alter or amend, entered on March 2, 2022.

**II.   JURISDICTION**

This Court has appellate jurisdiction over this bankruptcy appeal pursuant to 28 U.S.C. §158.

**III.   STANDARD OF REVIEW**

In an appeal of a bankruptcy court decision, the district court sits as an appellate court. *Williams v. EMC Mortg. Corp. (In re Williams)*, 216 F.3d 1295, 1296 (11th Cir.

2000).   The Court reviews the bankruptcy court's findings of fact under the clearly erroneous standard and conclusions of law under the *de novo* standard of review. *In re Piazza*, 719 F.3d 1253, 1260 (11th Cir. 2013).   A bankruptcy court's ruling on employment of counsel is reviewed for abuse of discretion. *Wholesalecars.com v. Leo*, 572 B.R. 367, 372 (N.D. Ala. 2017).   A decision to impose sanctions under the court's inherent authority is reviewed for abuse of discretion. *In re Sunshine Jr. Stores, Inc*., 456 F.3d 1291, 1304 (11th Cir. 2006).   An abuse of discretion exists when a court applies the wrong legal standard, makes clearly erroneous findings of fact, or bases its decision on a clear error in judgment. *In re Porto*, 645 F.3d 1294, 1303 (11th Cir. 2011).

## IV.   FACTUAL AND PROCEDURAL HISTORY

The Debtor, Daryl McLemore ("McLemore"), filed a petition under Chapter 13 of the Bankruptcy Code on October 13, 2020.   On December 8, 2020, McLemore filed an amended plan which disclosed a pending personal injury claim and provided that any unexempt proceeds from that claim would be paid TO the Chapter 13 Bankruptcy Trustee ("the Trustee").   McLemore's amended plan was confirmed on December 24, 2020.

On September 7, 2021, the Trustee filed a motion to dismiss with prejudice and bar to refiling and a motion to examine the Debtor's transactions with attorneys.   In her motions, the Trustee stated that she had learned from Benjamin Harrelson ("Harrelson") of Shunnarah Injury Lawyers, P.C. ("the Shunnarah Firm") that McLemore's personal injury claim had settled for $40,000, and that $16,788.26 in net proceeds was disbursed to

McLemore, instead of being turned over to the Trustee.

On September 16, 2021, McLemore filed a motion to modify the plan post-confirmation and acknowledged receiving $16,788.26.   McLemore proposed to pay unsecured creditors $16,075.00.   On October 8, 2021, the Trustee filed an objection to the plan modification.

On September 28, 2021, McLemore filed an application to employ special counsel *nunc pro tunc*, and requested to employ Harrelson.   Harrelson filed a request for $13,333.33 in attorney's fees and $165.96 in expenses and a motion to approve the settlement of $40,000.   The Trustee and the Bankruptcy Administrator objected to the request to employ, to approve settlement, and to the application for fees and expenses.

The bankruptcy court conducted a hearing.   The court subsequently denied the request to employ special counsel *nunc pro tunc*, approved the settlement except for the requested attorney's fees and expenses, and ordered the Shunnarah Firm to pay the sum of $40,000 to the Trustee.   The bankruptcy court found that the Shunnarah Firm did not adequately support its application for employment because it did not show excusable neglect and that the Shunnarah Firm was the party who appropriately bore the responsibility for paying converted estate assets to the bankruptcy estate. (Doc. 3-84 at 10 & 18).   The bankruptcy court ordered disgorgement of attorney's fees and payment of $40,000 to the estate. (Doc. 3-84 at 19).   The bankruptcy court also granted McLemore's motion to modify the plan post-confirmation, granted the Trustee's motion to examine

transactions, and denied without prejudice the Trustee's motion to dismiss with prejudice and bar to refiling. (*Id.* at 20).

## V.  STATEMENT OF THE ISSUES

McLemore states the issues for review on appeal as follows:

1. Whether the bankruptcy court erred when it denied the Debtor's application to employ the Shunnarah Firm with respect to its representation of the Debtor that resulted in the settlement of the Debtor's personal injury claim, and then denied the request for compensation on the basis that its employment had not been approved?

2. Whether the bankruptcy court erred when it sanctioned the Shunnarah Firm for disbursing proceeds from the settlement of the Debtor's personal injury claim to the Debtor notwithstanding the bankruptcy court's unequivocal finding that the firm had no knowledge of the Debtor's bankruptcy when it disbursed the settlement proceeds?

3. Whether the bankruptcy court erred when it denied the Shunnarah Firm's motion to alter or amend the order sanctioning the firm?

## VI.  DISCUSSION

A bankruptcy estate is created with the filing of the Chapter 13 petition. See 11 U.S.C. § 541(a).   Property of a Chapter 13 debtor's estate includes "all property of the kind specified in [§ 541] that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted." 11 U.S.C. § 1306(a)(1).   Use of the property of the estate to pay attorneys must be approved by the bankruptcy court. 11 U.S.C. § 327.

In this case, the bankruptcy court determined that Harrelson and the Shunnarah Firm

who represented McLemore in his personal injury matter failed to seek approval of employment as special counsel until two months after Harrelson became aware of McLemore's bankruptcy case and three months after the personal injury claim was settled. (Doc. 3-84 at 10).   In the view of the bankruptcy court, because a simple Public Access to Court Electronic Records (PACER) search would have revealed that McLemore had filed for bankruptcy, but was not conducted, there was no excuse for the delay. (*Id.*).

Another bankruptcy court within this circuit has determined that where an attorney did not timely disclose to the bankruptcy court his attorney's fees in connection with a personal injury claim, he violated the Bankruptcy Code and Rules and was required to disgorge the amount which represented his fees and expenses. *See In re Smith*, 637 B.R. 758, 776 (Bankr. S.D. Ga. 2022)(citing *In Re Stewart*, 970 F.3d 1255, 1265 (10th Cir. 2020)(collecting cases in which disgorgement of attorney's fees was ordered for failure to seek approval and disclose fees)).   The bankruptcy court's decision denying the motion to appoint in the instant is consistent with that reasoning.   *See In re Fisher*, 2019 WL 1875366, *2 (Bankr. S.D. Ala. 2019)(finding a lack of excusable neglect where attorney failed to check PACER).   The cases ordering disgorgement of fees for failure to seek approval and disclose attorneys' fees, however, do not also stand for the proposition that an attorney's disgorgement of fees extends to funds paid to parties other than the attorney. Requiring reimbursement of amounts paid other than attorneys' fees goes beyond ordering disgorgement.

In the view of the Trustee, as stated in her brief, the bankruptcy court's order to the Shunnarah firm to pay $40,000 to the estate was based on the inherent authority of the bankruptcy court. (Doc. 6 at 36).   The Trustee appears to contend that the order to pay the estate the entire amount of $40,000 should be viewed, and affirmed, as an appropriately imposed sanction on the Shunnarah Firm, arguing that the Shunnarah Firm was provided notice that sanctions may be forthcoming. (*Id.* at 40).

"The court may affirm the bankruptcy court's judgment 'on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below." *Perry v. United States*, 500 B.R. 796, 798 (M.D. Ala. 2013)(quoting *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007)).

The bankruptcy court's Memorandum Decision in this case does not invoke its authority to sanction, although it does refer to other cases which imposed sanctions.   The bankruptcy court reasoned that the Shunnarah Firm was the party which appropriately bore the responsibility for paying into the bankruptcy estate not only Harrelson's fees, but also all of the converted estate assets. The Memorandum Decision makes findings that the Shunnarah Firm made disbursements without court approval in previous cases and that Harrelson made an "absurd" argument that the Trustee was being enriched at his expense. (Doc. 3-84 at 18).   While these could be viewed as findings made in support of a sanction, the Memorandum Decision speaks in terms of disgorgement and reimbursement, not sanctions. (*Id.* at 19).

6

In reviewing the bankruptcy court's decision to order reimbursement, this Court is guided by *Peer v. Lewis*, 606 F.3d 1306 (11th Cir. 2010), in which the court examined an issue of sanctions and concluded that the record did not indicate that the court had analyzed the conduct to determine whether it merited the imposition of sanctions. *Id.* at 1316.   The Eleventh Circuit explained that in deference to the discretion of the district court, it would remand the case to determine whether to impose and, if so, the extent of those sanctions. *Id.*   While *Peer* is not directly on point, it does point this Court toward the wisdom of having additional findings by the bankruptcy court before it reviews the propriety of the bankruptcy court's decision as a sanctions order.

Accordingly, this Court will remand the case to the bankruptcy court for additional findings.

## VII.   CONCLUSION

For the reasons discussed above, the judgment of the bankruptcy court as to the payment by the Shunnarah Firm of $40,000 is VACATED and REMANDED.

On remand, the bankruptcy court should determine whether sanctions should be imposed on the Shunnarah firm and, if so, the extent of such sanctions. This case is remanded for further proceedings consistent with this Memorandum Opinion.

Done this 25th day of January, 2023.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE